UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :    CONSENT PRELIMINARY ORDER
        - v. -                          OF FORFEITURE AS TO
                                   :    SPECIFIC PROPERTY/
PARFAIT MUTIMURA,                       MONEY JUDGMENT
    a/k/a "Parfait Niyomugabo,"    :
                                        S1 19 Cr. 592 (LGS)
             Defendant.            :

- - - - - - - - - - - - - - - - - x

        WHEREAS, on or about February 7, 2020, PARFAIT MUTIMURA,

a/k/a "Parfait Niyomugabo," (the "defendant"), was charged in a

two-count Superseding Information, S1 19 Cr. 592 (LGS) (the

"Information"), with wire fraud, in violation of Title 18, United

States Code, Sections 1343 and 2 (Count One); and investment

adviser fraud, in violation of Title 15, United States Code,

Sections 80b-6 and 80b-17, and Title 18, United States Code,

Section 2 (Count Two);

        WHEREAS, the Information included a forfeiture

allegation as to Counts One and Two of the Information, seeking

forfeiture to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code,

Section 2461(c), of any and all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission

of the offenses charged in Counts One and Two of the Information,

including but not limited to a sum of money in United States

currency representing the amount of proceeds traceable to the

commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about February 7, 2020, the defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $578,389.85 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $578,389.85 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in:

    a.   $8,836.03 on deposit in in Ally Bank Checking Account# 1070975808 held in the name of Immaculee Ilibagiza;

    b.   A Rose Gold-backed iPhone XS Max with IMEI 353100102677771 recovered from Parfait Mutimura on or about August 9, 2019; and

    c.   a 12-inch Apple MacBook, Serial #C02W460BHH21 recovered from Parfait Mutimura on or about August 9, 2019;

(a. through c. collectively, the "Specific Property"), which constitutes proceeds of the offenses charged in Counts One and Two of the Information;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney, Jun Xiang of counsel, and the defendant, and his counsel, Jennifer E. Willis, Esq., that:

1.   As a result of the offenses charged in Counts One and Two of the Information, to which the defendant pled guilty, a money judgment in the amount of $578,389.85 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the defendant personally obtained, shall be entered against the defendant.

2.   As a result of the offenses charged in Counts One and Two of the Information, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, PARFAIT MUTIMURA, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.   All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office,

Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.   Any person, other than the defendant,

claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.   All

Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.   Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.   The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14.   The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

15.   The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____          8/25/20
    JUN XIANG                          _____
    Assistant United States Attorney      DATE
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-2289

PARFAIT MUTIMURA

By: _____          8-25-20
    PARFAIT MUTIMURA                   _____
                                          DATE

By: _____          8.25-20
    Jennifer E. Willis, ESQ.          _____
    Attorney for Defendant               DATE
    Assistant Federal Defender
    Federal Defenders of New York
    52 Duane Street, 10th Floor
    New York, NY 10007

SO ORDERED:

_____              8/25/20
HONORABLE LORNA G. SCHOFIELD          _____
UNITED STATES DISTRICT JUDGE             DATE