UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
PARFAIT MUTIMURA,                         :
                         Petitioner,      :    20 Civ. 11131 (LGS)
                                          :
            -against-                     :    OPINION AND ORDER
                                          :
UNITED STATES OF AMERICA,                 :
                         Respondent.      :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Petitioner Parfait Mutimura brings a pro se petition (the "Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner moves to vacate his conviction or set aside his sentence of sixty-three months due to alleged ineffective assistance of counsel. For the following reasons, the Petition is denied.

I.   BACKGROUND

On February 7, 2020, Petitioner pleaded guilty to charges of wire fraud and investment adviser fraud stemming from the theft of approximately $580,000 from individuals' retirement accounts and personal savings while acting as a financial advisor. At the plea hearing, after the Court asked a series of questions to determine that Petitioner was competent to plead guilty, he was placed under oath. Petitioner then confirmed that he had been given time to speak to his attorney about the charges and his plea and that his attorney had told him the consequences of pleading guilty. In response to the Court's question, "Are you satisfied with your attorney's representation of you?" Petitioner responded, "I am."

On August 25, 2020, Defendant was sentenced to 63 months' incarceration and 36 months' supervised release. At sentencing, Petitioner stated that he had read the pre-sentence report ("PSR"), discussed it with defense counsel and had no objections to add. Judgment was entered on August 25, 2020, and no direct appeal was filed. On December 3, 2021, Petitioner,

proceeding pro se, filed the Petition. The Petition alleges that defense counsel's representation was deficient because she: (1) did not permit Petitioner a complete review of discovery in the underlying criminal case; (2) failed to contest or seek verification of the Government's alleged victim losses and (3) failed to provide Petitioner an opportunity to review the plea agreement and PSR. The Government opposes.

## II. STANDARD

A federal prisoner may move to vacate, set aside, or correct his sentence on four grounds pursuant to 28 U.S.C. § 2255:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [ (2) ] that the court was without jurisdiction to impose such sentence, or [ (3) ] that the sentence was in excess of the maximum authorized by law, or [ (4) ] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 2255(a)), *cert. denied*, 140 S. Ct. 55 (2019). "In ruling on a motion under § 2255, the district court is required to hold a hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)) (citing *Pham v. United States*, 317 F.3d 178, 185 (2d Cir.2003)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id.* at 131.

### A. Procedural Default

"In general, a [petitioner] is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal," unless he "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *accord Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019).

However, "'in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the district court is 'best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.'" *United States v. Gaskin*, 364 F.3d 438, 467–68 (2d Cir. 2004) (quoting *Massaro v. United States*, 538 U.S. 500, 505–06 (2003)); *accord United States v. Noble*, No. 17 Crim. 123, 2020 WL 487407, at *1 (S.D.N.Y. Jan. 30, 2020).

### B. Ineffective Assistance

The Sixth Amendment provides "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). "There is 'a strong presumption that counsel's conduct fell within the wide range of professional assistance.'" *Weingarten v. United States*, 865 F.3d 48, 52 (2d Cir. 2017) (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) (brackets omitted) (quoting *Strickland*, 466 U.S. at 689)). "To overcome that presumption, a petitioner must establish two elements. First, the petitioner must show that counsel's performance was deficient by demonstrating that the representation 'fell below an objective standard of reasonableness.'" *Weingarten*, 865 F.3d at 52 (quoting *Strickland*, 466 U.S. at 688). "Second, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

### C. Pro Se Pleadings

Courts must liberally construe pleadings and other submissions by pro se litigants "to raise the strongest claims [they] suggest[ ]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted) "Nevertheless, a pro se litigant is not exempt

3

from 'compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. DISCUSSION

The Petition asserts that defense counsel: (1) "failed to permit the Petitioner a complete review of Discovery as required by law," causing him to be "coerced and 'steamrolled' into blindly signing a rapid Plea Agreement in which crucial evidence could not be contested nor verified"; (2) did not contest or seek verification of the Government's alleged victim losses, but instead erroneously took the Government's representations at face value in advising Petitioner to accept a plea agreement and (3) ignored Petitioner's requests for a copy of the plea agreement and PSR. Construed broadly, the Petition asserts that these errors caused Petitioner to enter into a plea agreement that he would not otherwise have accepted and resulted in sentencing based on erroneous facts.[1]

The Petition does not provide any facts, supported by competent evidence, showing a dispute as to whether counsel's allegedly-deficient representation (1) fell below an objective standard of reasonableness and (2) changed Petitioner's conviction or sentence to a reasonable probability. *Weingarten*, 865 F.3d at 52.

#### A. Review of Discovery Materials

First, in support of its contention that defense counsel did not provide Petitioner with adequate opportunity to review discovery, the Petition cites screenshots of text messages between Petitioner and defense counsel. According to those texts, on December 11, 2019, defense counsel

---

[1] The Petition variously states that "Petitioner is not contesting guilt" and that the Court should "set aside" his sentence. This Opinion and Order construes the Petition broadly to encompass requests for release or a lower sentence.

4

asked Petitioner for a good date and time to review certain discovery materials covered by the protective order in the case. Several days after Petitioner suggested the next Friday, defense counsel stated that the day of a forthcoming pre-trial conference would be the best time for Petitioner to commence discovery review, and Petitioner agreed. Approximately three weeks later, after the winter holiday period, defense counsel contacted Petitioner again, stating "[w]e also still need to have you in the office to review discovery. Whatever day you're available is fine. Just let me know when you plan to come." Counsel then stated that she had entered plea discussions with the prosecution and provided advice to Petitioner on whether he should accept a plea bargain. Far from falling below an objectively reasonable standard of professional conduct, these text records show that defense counsel made diligent attempts to schedule review of discovery materials with Petitioner. While the Petition claims that Petitioner felt pressured to accept a plea agreement without reviewing the discovery materials, it provides no explanation for how a changed plea would have produced a different outcome with respect to Petitioner's conviction and sentence. Defense counsel's alleged failure to provide Petitioner an opportunity to review protected discovery materials thus does not overcome the "strong presumption" that defense counsel's representation was objectively reasonable and nonprejudicial. *Weingarten*, 865 F.3d at 52.

### B. Evidence of Victim Losses

Second, the Petition alleges that defense counsel did not contest or seek to verify the Government's alleged victim losses. The Petition provides no competent evidence in support of this claim, other than to allege that Petitioner believes that total losses were $419,000 rather than the approximately $580,000 calculated by the Government. This argument is belied by the detailed loss calculations provided by the Government in this matter, and any failure by defense

5

counsel to contest those amounts was neither objectively unreasonable nor prejudicial.

### C. Review of the Plea Agreement and PSR

Third, the Petition alleges that defense counsel did not timely provide Petitioner with a copy of the plea agreement and PSR but instead pressured Petitioner "with excessive and careless speed" into a "pressured and under researched life altering decision . . . within a mere window of just ten days" (internal quotation marks omitted).

As to the plea agreement, the Petition provides no competent evidence of strong-armed tactics by counsel and the text records accompanying the Petition show that, rather than pressuring Petitioner to accept a plea deal, defense counsel explained the strength of Petitioner's case to him and made a recommendation regarding a plea in that context. This assertion is also belied by Petitioner's representations at the plea allocution, where he responded "I am" to the question "Are you satisfied with your attorney's representation of you?" An admission at plea allocution is given a "strong presumption of verity" and "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *accord Valdez v. Stewart*, No. 17 Civ. 4121, 2021 WL 634716, at *17 (S.D.N.Y. Feb. 17, 2021); *see also United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."); *United States v. Arias*, 166 F.3d 1201, 1201 (2d Cir. 1998) (summary order) (requiring defendant to submit "credible reasons" to reject his plea statements). The Petition provides no basis for proceeding on an ineffective assistance claim with respect to Petitioner's review and acceptance of the plea agreement.

Similarly, the Petition's allegation that Petitioner was not given an opportunity to review the PSR is belied by Petitioner's affirmations at sentencing that he (1) had reviewed and

discussed the PSR with defense counsel and (2) did not have any objections to its content.[2] Nor does the Petition identify any allegedly improper information in the PSR that affected Petitioner's sentence. The Petition provides no basis for proceeding on an ineffective assistance claim with respect to Petitioner's review and acceptance of the PSR.

## IV. CONCLUSION

For the reasons stated above, the Petition is denied. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close the docket entry at No. 1 and the docket entry at No. 52 in 19 Crim. 592.

Dated: June 30, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[2] In his reply, and in various supplemental filings, Petitioner asserts that he would have received a two-point reduction in offense level had the PSR contained an accurate accounting of victim losses. While this statement is accurate, *see* USSG 2B1.1(b), it does not help the ineffective assistance argument for the reasons stated above. Petitioner also argues, for the first time in his second and third supplements to his reply, that the PSR does not reflect a claimed history of post-traumatic stress disorder. The PSR notes that Petitioner reported no history of serious medical conditions but sought counseling in 2010 after experiencing traumatic memories of the Rwandan genocide he suffered through in his youth. The PSR also details his harrowing experiences and the murder of his parents and siblings in Rwanda. The argument of ineffective assistance based on the omission of this condition from the PSR is undermined by (1) the PSR's discussion of his mental health issues and background and (2) Petitioner's statement at sentencing that he had reviewed the PSR and had no issues with its content.